*E-Filed 05/12/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

HERBERT MITCHELL and THE LAW OFFICES OF BRUCE E. KRELL, INC.,

Plaintiffs,

v.

KAISER FOUNDATION HEALTH PLAN, INC.; GIBSON & SHARPS, P.S.C.; THOMAS G. DUNN; ROBERT L. KEISLER; and DOES 1-30,

Defendants.

No. C 09-05306 RS

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Plaintiffs Herbert Mitchell and the Law Offices of Bruce E. Krell, Inc., filed a complaint in this Court on November 9, 2009, alleging, among other things, violations of the Racketeer and Corrupt Organizations Act, 18 U.S.C.A. § 1962 ("RICO"), negligence, and breach of contract. Defendants Kasier Foundation Health Plan, Inc. ("Kaiser"), along with Gibson & Sharps, P.S.C.; Thomas G. Dunn; and Robert Keisler (the "attorney defendants") have moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). The motion was heard in this Court on May 6, 2010. For the reasons stated below, the motion is granted with leave to amend.

## I. BACKGROUND

According to the complaint, Mitchell had a Kasier insurance policy and received extensive treatment at a Kasier facility after being injured in a car accident in San Francisco in 2006. The complaint alleges that Mitchell retained attorney Bruce Krell[1] to represent him in a personal injury lawsuit against a third party involved in the accident, and that Krell eventually obtained a settlement on his behalf. Allegedly, the attorney defendants, who represented Kaiser, "tried to interfere in the settlement" and asserted a "fraudulent" lien in the amount of $73,000. A medical billing dispute ensued, and Kaiser and the attorney defendants allegedly requested the matter be submitted to binding arbitration pursuant to the terms of Mitchell's insurance policy.

Plaintiffs took the position that arbitration was not warranted. Allegedly, upon Kaiser's failure to contest the non-arbitrability of the case, the arbitrator "closed the file." The complaint avers, however, that the file was reopened eight months later at Kaiser's behest, in an attempt to "force Plaintiffs back into Kaiser arbitration." The status of the arbitration at this point in time is unclear from the complaint.

Based on these events, plaintiffs claim defendants have violated RICO and incurred liability for negligence, breach of fiduciary duty, breach of contract, and breach of the implied covenant of good faith and fair dealing. In addition, plaintiffs have asserted a claim under 42 U.S.C. § 1983.

## II. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim may be dismissed because of a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008).

In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous.*

---

[1] Obviously attorney Krell is an individual and plaintiff Law Offices of Bruce E. Krell, Inc., is a business entity, but for purposes of convenience, this order will refer to both as "Krell."

*Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). The Court, however, is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sci. Sec. Litig.*, 536 F.3d 1049, 1056-57 (9th Cir. 2008). Although they may provide the framework for a complaint, legal conclusions need not be accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009); *see also Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Furthermore, courts will not assume that plaintiffs "can prove facts which [they] have] not alleged, or that the defendants have violated ... laws in ways that have not been alleged." *Assoc. Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### III.   DISCUSSION

A.   RICO Claims

The complaint first alleges claims arising under 18 U.S.C. § 1964(c) (substantive RICO claims) and (d) (conspiracy to commit a RICO violation). The essential elements of a substantive federal RICO claim are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiffs' business or property." *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001); *see also* 18 U.S.C. § 1964(c). The complaint in this case alleges these five elements only in the most cursory way.

Moreover, the complaint alleges no facts whatsoever to support its alleged bases for civil RICO—mail fraud, wire fraud, and interstate transportation and sale of fraudulently obtained goods. Federal Rule of Civil Procedure 9(b) provides that "[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy the rule, a plaintiff must allege the "who, what, where, when, and how" of the charged misconduct. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). In other words, "the circumstances constituting the alleged fraud must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v.*

*Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1106 (9th Cir. 2003).  The complaint as it currently stands falls woefully short of this standard.  Even if the substantive RICO averments in the complaint were clear, Rule 9(b) alone would necessitate a dismissal of the substantive RICO claim under subsection (c).  For the same reasons, the complaint fails to state a claim for conspiracy to commit a RICO violation under subsection (d).  *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000) (failure to plead adequately a substantive violation of RICO under subsection § 1964(c) precludes a claim for RICO conspiracy under § 1964(d)).  Defendants' motion to dismiss will therefore be granted with leave to amend.

B.     State Law Claims

The complaint also includes various state law claims, including negligence, breach of fiduciary duty, breach of contract, and breach of the implied covenant of good faith and fair dealing.  Under California law, in order to establish liability on a negligence theory, a plaintiff must prove duty, breach, causation, and damages.  *Conroy v. Regents of Univ. of Cal.*, 45 Cal. 4th 1244, 1250 (2009).  To plead a cause of action for breach of fiduciary duty in California, a plaintiff must allege the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach.  *Pierce v. Lyman*, 1 Cal. App. 4th 1093, 1101 (1991).  A claim for breach of contract under California law consists of the following elements: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage resulting from the breach.  *First Cmty. Mortgage Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001).  Finally, in California, the covenant of good faith and fair dealing "is implied as a supplement to express contractual covenants to prevent a contracting party from engaging in conduct that frustrates the other party's rights to the benefits of the agreement . . . . [and] [a]s in any contract action, [i]t is essential to establish a causal connection between the breach and the damages sought."  *Thompson Pacific Constr., Inc. v. City of Sunnyvale*, 155 Cal. App. 4th 525, 541 (2007).

All of these claims include a common element: damages.  Here, the instant complaint fails to allege that any defendant has caused either Mitchell or Krell to incur any damages whatsoever.  On the contrary, the complaint implies that Mitchell has declined to remit any portion of his settlement

funds to Kaiser.  Numerous other elements of the state law claims are missing from the complaint as well; for example, on the breach of fiduciary duty claim, there is no meaningful indication that a fiduciary relationship existed between any plaintiff and any defendant.  As such, the state law claims, as stated, are entirely untenable.  Defendants' motion to dismiss these claims is also granted with leave to amend.

C.      Section 1983 Claim

The complaint's final claim accuses Kaiser and the attorney defendants of violating 42 U.S.C. §1983.  "All § 1983 claims must be premised on a constitutional violation." *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (2009).  "To state a claim for relief under section 1983, [a plaintiff] must plead two essential elements: 1) that the Defendants acted under color of state law; and 2) that the Defendants caused them to be deprived of a right secured by the Constitution and laws of the United States." *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997).

Here, plaintiffs' only argument as to why Kaiser and the attorney defendants—all admittedly private defendants—were acting "under color of state law" is that they "acted in concert with [the] quasi-governmental Kaiser arbitration system (which is a substitute for the traditional civil justice system)." Complaint at 11.  Plaintiffs offer no support, however, for their novel assertion that a party to an arbitration is a state actor simply by virtue of its participation in the arbitration.  More generally, it is beyond argument that Kaiser and the attorney defendants' status as private actors renders them immune from § 1983 liability. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.").  Consequently, this claim must be dismissed.  Further, as there is no set of facts that could repair this deficiency, granting leave to amend would be futile.

## IV.     CONCLUSION

For the reasons stated above, the defendants' motion to dismiss is granted as to all claims.  Should plaintiffs wish to amend their complaint to address the deficiencies described herein, they

should do so within 30 days, with the exception of the claim for relief under 42 U.S.C. §1983, which is dismissed without leave to amend.

A case management conference is scheduled for **September 9, 2010, at 10:00 a.m.** in Courtroom 3, 17th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California. A joint case management statement will be due **September 2, 2010**.

IT IS SO ORDERED.

Dated: 05/12/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C 09-05306 RS
ORDER